IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBBI HYATT, as the Parent and Next Friend of G.J.H., <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF REGENTS OF OKLAHOMA COLLEGES ex rel. SOUTHERWESTERN OKLAHOMA STATE UNIVERSITY; THE OFFICE OF JUVENILE AFFAIRS; ROBERT E. CHRISTIAN, in his Individual and Official Capacities; JANA WAFFLE, in her Individual and Official Capacities; JOHN DOES, in their Individual and Official Capacities; <br><br> Defendants. | Case No. CIV-12-1293-D <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> ATTORNEY LIEN CLAIMED <br> JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW the Plaintiff, Debbi Hyatt, as the Parent and Next Friend of G.J.H., by and through her attorney of record, Donald E. Smolen, II, of Smolen, Smolen & Roytman, PLLC, and for her claims against the Defendants, hereby alleges and states the following:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked, pursuant to 28 U.S.C. § 1343(a), to secure protection and to redress deprivations of rights secured by the Fourteenth Amendment to the United States Constitution. This Amendment provides for the rights of all persons within the jurisdiction of the United States to enjoy equal protection of the law and freedom from deprivations of liberty and property without due process of law, as enforced by the Civil Rights Act of 1872, 42

U.S.C. § 1983, which provides for protection of the civil rights of all persons and redress of deprivation of rights under color of law.

2. The jurisdiction of this Court also is invoked under 28 U.S.C. § 1331 to resolve a controversy arising under the Constitution and laws of the United States, particularly the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

3. The supplemental jurisdiction of this Court is invoked over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is appropriate in the United States District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5. Paragraphs 1-4 are incorporated herein by reference.

6. Plaintiff is a resident of Sperry, Oklahoma, where she resides with G.J.H.

7. Defendant Board of Regents of Oklahoma Colleges ex rel. Southwestern Oklahoma State University ("SWOSU") is a body corporate created by the laws of the State of Oklahoma and charged with the supervision, management and control of Southwestern Oklahoma State University. 70 O.S. §§ 3509, 3510.

8. The Office of Juvenile Affairs ("OJA") is a state agency created by the law of the State of Oklahoma responsible for programs and services for juveniles alleged or adjudicated to be delinquent or in need of supervision. 10A O.S. § 2-7-202.

9. Robert E. Christian was, at all times relevant hereto, the Executive Director of the OJA, legally responsible for providing for the administration of the OJA, including, but not limited to, supervising the activities of the OJA, employing and

appointing such personnel as he deemed necessary in the performance or carrying out of any of the purposes, objectives, responsibilities or statutory provisions relating to the OJA, and establishing all policies and procedures for the proper and efficient administration of the OJA. 10A O.S. § 2-7-201. Defendant Christian is being sued in his individual and official capacities.

10. Defendant Jana Waffle was, at all times relevant hereto, an officer employed by either or both Defendant SWOSU and Defendant OJA, under the direction and control of Defendant Christian, employed at the SWOSU Salt Fork Adventure Program. Defendant Waffle is being sued in her individual and official capacities.

11. The John Doe Defendants are individuals employed by either or both Defendant SWOSU and Defendant OAJ responsible for (1) establishing the policies and procedures regarding the administration of the SWOSU Salt Fork Adventure Program, including those individuals responsible for hiring and supervising Jana Waffle and the juveniles committed to the SWOSU Salt Fork Adventure Program by Defendant OJA, and/or (2) conspiring to cover up from Plaintiff and the public at large the injurious acts committed against G.J.H. and other residents of the SWOSU Salt Fork Adventure Program.

12. The incident that gave rise to this litigation occurred in Grant County, Oklahoma.

## STATEMENT OF FACTS

13. Paragraphs 1-12 are incorporated herein by reference.

14. G.J.H. was committed to the custody and supervision of the OJA on or about November 3, 2011.

15. At all times relevant hereto, Defendant OJA, by and through Executive Director Christian, was under contract with the SWOSU Salt Fork Adventure Program for the provision of juvenile rehabilitation services.

16. Defendant OJA delivered G.J.H. to the SWOSU Salt Fork Adventure Program in Nash, Oklahoma.

17. At the time G.J.H. arrived at the SWOSU Salt Fork Adventure Program, Defendant Waffle was employed there as security personnel.

18. Defendant Waffle coerced G.J.H. into a sexual relationship with her, threatening him that if he did not have sexual relations with her, he would be punished.

19. Defendant Waffle also provided G.J.H. with alcoholic beverages both on and off the grounds of the SWOSU Salt Fork Adventure Program.

20. G.J.H. was prohibited from leaving the grounds of the SWOSU Salt Fork Adventure Program without proper leave.

21. On or about January 31, 2012, Defendant Waffle provided G.J.H. with alcohol in her car while on the grounds of the facility.

22. When G.J.H. was inebriated, Waffle left the facility with G.J.H. and another resident. Waffle took the boys to her house in Jett, Oklahoma.

23. At her house, Waffle provided more alcohol to G.J.H. and gave him marijuana.

24. Waffle then had sexual relations with G.J.H. and took pictures of him naked.

25. When she was done, Waffle, herself inebriated, drove the boys back towards the SWOSU Salt Fork Adventure Programs at speeds in excess of 110 m.p.h.

26. In the course of such reckless endangerment, Waffle was pulled over and arrested for driving under the influence. Waffle ultimately pled guilty and was convicted

of child endangerment (Grant County Court Case No. CF-2012-8), contributing to the delinquency of minors (Grant County Court Case No. CM-2012-15), speeding in excess of lawful maximum limit (Grant County Court Case No. CM-2012-16), transporting an open bottle or container of liquor (Grant County Court Case No. CJ-2012-17).

27. Thereafter, Defendants conspired to conceal and cover up what happened to G.J.H. from Plaintiff and the public at large.

## CLAIMS FOR RELIEF

### I. Violation of G.J.H.'s Constitutional Rights under 42 U.S.C. § 1983.

28. Paragraphs 1-27 are incorporated herein by reference.

29. By engaging in sexual relations with G.J.H., providing him drugs and alcohol while he was a minor committed to the OJA for rehabilitation, taking pictures of G.J.H. naked, and driving G.J.H., while intoxicated, at speeds well over the legal limit, Defendant Waffle knew or should have known that serious harm was likely to occur. Defendant Waffle acted with reckless intent under color of law, unreasonably disregarding an obvious risk of serious harm to G.J.H. and all other juveniles committed to the SWOSU Salt Fork Adventure Program.

30. By hiring, failing to supervise and allowing Waffle to engage in sexual relations with G.J.H., provide G.J.H. with drugs and alcohol, take pictures of G.J.H. naked, and drive, while intoxicated, at speeds well over the legal limit, Defendants knew or should have known that serious harm was likely to occur. Defendants acted with reckless intent under color of law, unreasonably disregarding an obvious risk

of serious harm to G.J.H. and all other juveniles committed to the SWOSU Salt Fork Adventure Program.

31. Defendants are liable under § 1983 for abusing their governmental power and thereby violating G.J.H.'s substantive due process rights by recklessly and/or intentionally exposing him to an unreasonable risk of harm, with deliberate indifference to his health, safety, and well-being.

32. Defendants had ample opportunity to deliberate and prevent the actions alleged herein from occurring; there was no situation calling for fast action.

33. G.J.H.'s safety and peace of mind was threatened by Defendant Waffle if he failed to comply with her directions; yet deliberate indifference to G.J.H.'s health and safety put G.J.H. at serious and substantial risk if he did comply with her directions.

34. Defendants' actions and inaction were so egregious, outrageous and fraught with unreasonable risk as to shock the conscience of a reasonable person.

35. At all times, Defendants acted under color and pretense of state law, exercising government power without any reasonable justification in the service of a legitimate government objective.

36. As a direct and proximate cause of Defendants' conduct, G.J.H. sustained damages, including but not limited to bodily injury, physical and mental pain and suffering, medical expenses, as well as other damages in excess of $75,000.00.

## II. Supervisor/Municipal Liability pursuant to 42 U.S.C. § 1983

37. Paragraphs 1-36 are incorporated herein by reference.

38. Defendants Christian and the John Doe Defendants wholly failed to properly instruct, train and supervise Defendant Waffle or any OJA/SWOSU employees in the care and custody of minors.

39. Defendants' inadequate policy with respect to training, supervision and discipline concerning the safety of minor residents amounted to deliberate indifference to the rights of minor residents.

40. This inadequacy was clearly likely to result in the violation of minor residents' constitutional rights to be secure in their persons.

41. Defendant's acts of failing to institute adequate training, supervision, discipline procedures, customs and/or practices with respect to minor resident safety, lead directly to G.J.H.'s damages, including but not limited to serious bodily injury, physical and mental pain and suffering, as well as other damages in excess of $75,000.00.

### III. Negligence[1]

42. Paragraphs 1-41 are incorporated herein by reference.

43. Defendants owed G.J.H., and all minor residents, a duty to use reasonable care in the care, supervision, treatment and security of minor residents at the Salt Fork Adventure Program facility.

44. Defendants breached that duty by wholly failing to provide G.J.H. with proper care, supervision, treatment and security.

---

[1] Pursuant to 51 O.S. § 156, Plaintiff notified Defendants of her negligence claim on and such claim was denied on May 1, 2012. This action is timely filed within one hundred and eighty (180) days of denial.

45. As a direct and proximate cause of Defendants' negligence, G.J.H. has suffered real and actual damages, including but not limited to mental and physical pain and suffering, emotion distress, mental anguish and other damages in excess of $75,000.00.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought, including but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000) with interest accruing from the date of filing suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), reasonable attorneys fees, the cost of bringing this action, and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN, SMOLEN & ROYTMAN, PLLC**

/s/Donald E. Smolen,
Donald E. Smolen, II, OBA #19944
Laura M. Lauth, OBA #22619
701 S. Cincinnati Avenue
Tulsa, Oklahoma 74119
(918) 585-2667 P
(918) 585-2669 F
*Attorneys for Plaintiff*